**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52143**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 8, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SETH ADAM MARTIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction for possession of a controlled substance and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; T. Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Seth Adam Martin appeals from his judgment of conviction for possession of a controlled substance and being a persistent violator. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A law enforcement officer was on bike patrol when she heard yelling. The officer saw Martin and another man engaged in a verbal dispute. When the officer approached the men, she instructed Martin to sit down so she could ask him questions. While reaching into his jacket, Martin told the officer that the other man hacked into Martin's social media account. The officer interrupted Martin and told him not to reach for his pockets or belongings. While the officer was speaking with the other man, she watched Martin reach into his belongings and toss a syringe on

1

the ground.  The officer arrested Martin for disturbing the peace and possessing drug paraphernalia.  The officer subsequently completed an arresting officer form reflecting these charges.

The officer collected the syringe, placed it in a plastic bag, and had its contents tested at the jail.  After the syringe's contents tested positive for methamphetamine, the possession of a controlled substance charge was included on the jail booking form.  The State charged Martin with possession of a controlled substance, possession of drug paraphernalia, and a persistent violator enhancement.  Martin pled not guilty and the case proceeded to trial.

At trial, the State admitted the officer's bodycam footage into evidence and played it for the jury.  On direct examination, the officer testified regarding the events shown on the footage.  The officer further testified that, after she secured the syringe, either herself or the assisting officer took the syringe to the jail to be tested.  During cross-examination, Martin asked whether the officer tested the contents of the syringe before testing it at the jail; the officer testified she did not.  The officer additionally testified that, before arriving at the jail, she was unsure what the contents of the syringe were.

Martin also asked the officer about her initial decision to arrest him for disturbing the peace.  During this portion of Martin's cross-examination of the officer, the district court asked counsel to approach the bench.  During the bench conference, the district court asked the prosecutor: "[W]hat are you doing?"  The prosecutor responded: "What do you mean what am I doing?  Do you want me to object to this?"  The district court answered: "Well, I'm wondering why you're not."  The prosecutor noted he "didn't see it really going anywhere."  The district court told the prosecutor that "none of this seems relevant, and it seems like it's going to open the door to lots of other things."  Martin argued that it was relevant to the "veracity of the investigation" and the officer's credibility.  The district court disagreed, Martin said he would "move on," and the prosecutor said he would "pay more attention."[1]  Martin subsequently asked the officer why the jail booking form listed an additional charge that was not included on the arresting officer form.

---

[1]     With respect to the district court's invitation to the prosecutor to object to Martin's cross-examination of the officer, Martin asserts in a footnote that the district court "should not take the role of an advocate by sua sponte raising possible objections and encouraging the [S]tate to lodge them."  Because Martin did not raise this as a separate issue on appeal, we need not address whether the district court's conduct in this regard was proper.

The State objected based on relevance. During Martin's argument regarding why the evidence he sought to elicit was relevant, the district court interjected: "The investigation is not testifying. There is no credibility about the investigation." Martin responded that how the officer conducted her investigation was relevant to her credibility. The district court disagreed and sustained the objection.

The jury found Martin guilty of possession of a controlled substance, I.C. § 37-2732(c), but acquitted him of possession of drug paraphernalia. Martin admitted to the persistent violator enhancement. I.C. § 19-2514. Martin appeals.

## II.

## STANDARD OF REVIEW

When evaluating the trial court's evidentiary rulings, we review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

## III.

## ANALYSIS

Martin argues that the district court erred in sustaining the State's relevance objection while cross-examining the officer about the differences between the charges on the arrest form and the charges on the booking form. Martin contends the inquiry was relevant because it bore on the officer's credibility as to her investigation techniques and whether she arrested him for possession of a controlled substance prior to testing the syringe's contents. The State responds that the district court correctly concluded this inquiry was not relevant to any issues in the case or to the officer's credibility. The State further responds that, even if the district court erred in sustaining the relevance objection, the error was harmless. We hold that the district court erred in sustaining the State's relevance objection; however, the error was harmless.

### A.    Relevance

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Garcia*, 166 Idaho at 670, 462 P.3d at b1134. Whether a fact is of

3

consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

Martin was initially arrested for disturbing the peace and possession of drug paraphernalia. Both charges were listed on the arresting officer form. The jail booking form, however, only listed the possession of a controlled substance charge. Following the State's relevance objection to this testimony, the following exchange took place:

| [Martin]: | It is relevant to discuss when [the officer] placed Mr. Martin under arrest for possession of a controlled substance. |
|---|---|
| [Court]: | Why do you think that? |
| [Martin]: | Because of the forms. It lists a time prior to when [the officer] NIK tested or DetectaChem tested the contents of the syringe, so I think it goes to how-- |
| [Court]: | The investigation is not testifying. The investigation is not testifying. There is no credibility about the investigation. |
| [Martin]: | It goes to [the officer's] credibility as to how she conducted the investigation. I think it matters when the test results--whether she placed [Martin] under arrest for possession of a substance prior to testing the contents of the syringe. |
| [Court]: | Whether [Martin] was arrested at all, when he was arrested, and what [the officer] claimed to have arrested [Martin] for mean nothing as to whether or not he possessed a drug or intended to use it. I mean, if you think that the information on the form is contradictory to testimony [the officer has] already given, then certainly that might be relevant to her credibility, but when she fills out the form doesn't mean anything about whether [Martin] possessed a syringe. Thank you. Objection sustained. Go ahead. |

Matters affecting a witness's credibility are the proper subject of cross-examination. I.R.E. 611(b). This evidentiary rule reflects the principle that evidence related to a witness's credibility is always relevant. *See State v. Ehrlick*, 158 Idaho 900, 926, 354 P.3d 462, 488 (2015). While inquiries into the officer's investigation and decision-making may not be sufficiently weighty to persuade a fact-finder that the investigation was faulty or incomplete, that does not render the inquiries irrelevant. For this reason, the Idaho Supreme Court recently reiterated that wide latitude should be allowed during cross-examination to allow a party the opportunity to show bias and test the witness's credibility. *State v. Radue*, 175 Idaho 297, 315, 564 P.3d 1230, 1248 (2025) (stating that, "this Court has consistently held that where a defendant is seeking to show bias or test the credibility of the complaining witness on cross-examination, the trial court should

allow considerable latitude"). We conclude that application of these principles to the evidentiary issue in this case shows that the State's relevance objection should have been overruled and Martin should have been allowed to inquire into the officer's investigation and her decisions surrounding Martin's arrest.

**B.      Harmless Error**

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *Yates v. Evatt*, 500 U.S. 391, 403 (1991); *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Although Martin should have been allowed to elicit testimony from the officer regarding the difference between the arrest form and the booking form, the error was harmless. Applying the foregoing standards, the minimal probative force of the alleged error is outweighed by the probative force of the record establishing guilt beyond a reasonable doubt without the alleged error. The jury considered the officer's bodycam footage that showed Martin reach into his jacket pocket and then discard a syringe. On direct examination, the jury heard the officer's testimony concerning the events shown in the bodycam footage, including that Martin had possession of a syringe after reaching into his jacket pocket. On both direct examination and cross-examination, the jury heard the officer's testimony that she had not tested the contents of the syringe until after

5

Martin was arrested for disturbing the peace and possession of drug paraphernalia. When weighing the probative force of the alleged error against the probative force of the other evidence the jury considered, we conclude that the error in preventing Martin from eliciting testimony relevant to the officer's investigation and credibility was harmless.

## IV.

## CONCLUSION

The State's relevance objection to Martin's cross-examination of the officer should have been overruled. Although Martin established error in the challenged evidentiary ruling, the error was harmless. Accordingly, Martin's judgment of conviction for possession of a controlled substance and being a persistent violator is affirmed.

Chief Judge TRIBE and Judge FLEMING, **CONCUR**.